UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
        -v-                                         :
                                                    :          25 Cr. 241 (JPC)
EDSON BROWN,                                         :
                                                    :                ORDER
                        Defendant.                  :
                                                    :
--------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Trial for this matter is scheduled to begin on June 8, 2026.  A change-of-plea hearing is scheduled for June 1, 2026, at 10:00 a.m.  In the event Defendant does not enter a guilty plea at that appearance, the Court will conduct the final pretrial conference at that time, as previously scheduled.  Attached to this Order is the Court's current draft of *voir dire* questions for prospective jurors.  The parties should be prepared to address any objections to the proposed questions at the final pretrial conference.

        SO ORDERED.

Dated:  May 28, 2026                                    _____
        New York, New York                                     JOHN P. CRONAN
                                                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
          -v-                                                      :
                                                                   :              25 Cr. 241 (JPC)
EDSON BROWN,                                                       :
                                                                   :           **VOIR DIRE FORM**
                              Defendant.                            :
                                                                   :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

This is a criminal case against Edson Brown, who is the defendant.  Mr. Brown has been

charged with committing a federal crime in an Indictment returned by a grand jury sitting in this

District.  The Indictment itself is not evidence.  It simply contains the charge that the Government

is required to prove beyond a reasonable doubt.

The Government alleges that Mr. Brown participated in a conspiracy to traffic firearms and

actually trafficked firearms from North Carolina and South Carolina to New York.  The

Government further alleges that Mr. Brown engaged in the unlicensed transportation of firearms

from North Carolina and South Carolina to New York and the unlicensed dealing of firearms by

selling and distributing those firearms.

The Indictment contains 18 charges, or "counts."  Count One charges that Mr. Brown

participated in a firearms trafficking conspiracy from July 2023 through February 2025.  Count

Two charges that Mr. Brown engaged in firearms trafficking from July 2023 through February

2025.  Count Three charges Mr. Brown with the unlicensed dealing of firearms from July 2023

through February 2025.  Count Four through Eighteen each charge Mr. Brown with the unlicensed

transportation of firearms.  Those fifteen Counts allege that Mr. Brown illegally transported

firearms from North Carolina and South Carolina to New York on various occasions between July 30, 2023, and October 19, 2024.

Mr. Brown has entered a not guilty plea as to the charges.  He is presumed innocent.  The United States has the burden to prove beyond a reasonable doubt that Mr. Brown is guilty of the charges.

**Questions for Potential Jurors**

Please indicate if your answer to any of the following questions is "yes."  If you would prefer not to give your answer in open court, please say so.

**Part 1: General Juror Questionnaire**

1.  Do you have any personal knowledge of the charges against Mr. Brown as I have described them?

2.  Have you seen or read anything about this case?

3.  Is there anything about the nature of this case that would cause you to be unable to render a fair and impartial verdict?

4.  Have you formed an opinion that the charge, as I have described it, should not be a crime?

5.  Have you, or to your knowledge has a family member or close friend, had any personal experiences that you feel might make it difficult for you to be fair and impartial in this case?

6.  I am now going to introduce you to the parties and their lawyers.  As I just told you, the defendant in this case is named Edson Brown.  I ask Mr. Brown to stand and turn around.  Do you, or to your knowledge does a family member or close friend, know Mr. Brown or anyone close to him?

7.  Mr. Brown is represented at this trial by Mark DeMarco of the Law Office of Mark S. DeMarco.  I ask Mr. DeMarco to stand and turn around.  Do you, or to your knowledge does a family member or a close friend, know Mr. DeMarco or anyone at his law firm?

a. Have you, or to your knowledge has a family member or close friend, had any dealings, either directly or indirectly, with Mr. DeMarco or anyone at his law firm?

b. Have you, either through any experience or what you have seen or read, developed any bias or prejudice or other feelings for or against Mr. DeMarco, his law firm, or criminal defense lawyers generally?

8. The Government is represented here by the United States Attorney for the Southern District of New York, who is Jay Clayton. The conduct of this trial will be in the immediate charge of Assistant United States Attorneys Andrew Jones and Joseph Rosenberg. They will be assisted and joined at counsel table by Sandy Alcantara, who is a paralegal with the U.S. Attorney's Office. Also joining them at counsel table will be [_____]. I ask Mr. Jones, Mr. Rosenberg, Ms. Alcantara, and [_____] to all stand and turn around. Do you, or to your knowledge does any family member or close friend, know any of these individuals?

a. Have you, or to your knowledge has any family member or close friend, had any dealings, either directly or indirectly, with any of these individuals or with the United States Attorney's Office more broadly?

b. Have you, or to your knowledge has any family member or close friend, had any dealings, either directly or indirectly, with the Bureau of Alcohol, Tobacco, Firearms and Explosives, which is often called the "ATF," that would affect your ability to render an impartial judgment in this case?

c. Have you, or to your knowledge has any family member or close friend, had any dealings, either directly or indirectly, with the New York City Police Department, which is often called the "NYPD," that would affect your ability to render an impartial judgment in this case?

d. Have you, either through any experience or what you have seen or read, developed any

3

bias, prejudice, or other feelings for or against prosecutors generally?

9. Exhibit A, found at the last page of this document, has a list of people who may be mentioned at trial or who may be witnesses at trial, and a list of locations and businesses that may be mentioned during trial.  I will read that list now.

   a. Have you, or to your knowledge has any family member or close friend, had dealings with any of the people listed?

   b. Have you ever visited any of the listed locations or businesses?

   c. Do you otherwise have any personal knowledge or familiarity with any of the listed people, locations, or businesses?

10. During trial, I will be assisted by members of my staff, including the Courtroom Deputy, Juliaann Scheib, and my law clerks, Dore Feith, Christopher Ioannou, and Ben Kessler.  I ask any of those individuals who are currently in the courtroom to stand.  Do you, or to your knowledge does any family member or close friend, know Ms. Scheib, Mr. Feith, Mr. Ioannou, Mr. Kessler, or me?

11. Please look around the room.  Do you recognize anyone in the courtroom?

12. Are you, or to your knowledge is any family member or close friend, currently serving or have you or they previously served in the capacity of a law enforcement officer, including but not limited to with the ATF or the NYPD, or in a prosecutor's office?

13. Have you, or to your knowledge has any family member or close friend, ever been party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the Internal Revenue Service?

   a. Have you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

14. The alleged crime concerns the distribution and transportation of firearms.  Do you have any

4

policy views regarding firearms that would make it difficult for you to follow my instructions on the law and to base your verdict solely on the law and the evidence in this case?

15. Have you ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to firearms?

16. Do you have any opinions concerning guns, including about the federal government's ability to regulate firearms, that would affect your ability to render a fair and impartial verdict?

17. Have you, or to your knowledge has any family member or close friend, ever been involved in a criminal or civil case involving a firearm?

18. Have you, or to your knowledge has any family member or close friend, ever been a victim of gun violence?

19. Have you, or to your knowledge has any family member or close friend, otherwise ever been a victim of a crime?

20. Have you, or to your knowledge has any family member or close friend, ever been arrested, stopped, or questioned by a law enforcement officer?

21. Have you, or to your knowledge has any family member or close friend, ever been involved in or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

22. Have you, or to your knowledge has any family member or close friend, ever been charged with, indicted for, accused of, or convicted of a crime?

23. To your knowledge, have you, or has any family member or close friend, been the subject of a criminal investigation, or testified before a state or federal grand jury?

24. To your knowledge, are you currently under subpoena or about to be subpoenaed in a federal case?

25. Do you have any feelings regarding the criminal justice system in this country, including but

5

not limited to your feelings about judges, lawyers, or law enforcement officers, that might make it difficult for you to be a fair and impartial juror in this case?

26. The witnesses in this case may include law enforcement witnesses, including possibly law enforcement officers with the ATF and the NYPD. Would you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?

27. Would you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

28. You may also hear testimony from expert witnesses. Have you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a fair and impartial verdict?

29. You may hear evidence of criminal activity committed by people other than the defendants. Those other individuals are not on trial here. You also may not draw any inference from that fact and must not speculate as to why they are not on trial at this time. Would you be unable to follow this instruction or, for this reason, be unable to render a fair and impartial verdict?

30. Would you be unable to follow my instruction that the Government is not required to use any particular investigative technique to uncover evidence of or to prosecute a crime?

31. Some of the evidence that may be introduced in this case may come from searches performed by law enforcement officers. If any such evidence is presented to you, the searches were legal, and the evidence obtained from the searches is admissible in this case. Do you have strong feelings about searches conducted by law enforcement officers, or the use of evidence obtained from searches at trial, that might prevent you from being a fair and impartial juror in this case?

32. Some of the evidence in this trial may be presented in the form of recorded conversations and interactions including video recordings of the defendant's arrest, which is commonly referred to as body-worn camera video. Any such evidence that will be presented was lawfully

6

obtained.  Do you have any strong feelings about the use of such evidence that might make it difficult for you to be a fair and impartial juror in this case?

33. The following are legal principles that apply in every criminal case.  Would you, for any reason, be unable to follow any of these legal principles?

    a.  A defendant is presumed innocent.

    b.  The Government has the burden of proof at trial.

    c.  The Government must prove its case beyond a reasonable doubt.

    d.  The jury's verdict must be unanimous.

    e.  A defendant does not have to testify or present any defense, and the jury is not permitted to consider that fact in any way in deciding whether or not the Government has proved that the defendant is guilty.

    f.  A defendant's silence cannot be held against him or her.

34. The function of the jury is to decide questions of fact.  However, when it comes to the law, you must listen to my instructions and accept the law as I explain it.  Do you have any hesitation or unwillingness to apply the law as I explain it, even if you disagree with the law or if it conflicts with what you think the law should be?

35. Are you unable to accept that the question of punishment is for me as the judge alone to decide and that the possible punishment must not enter into the deliberation of the jurors as to whether the defendant on trial here is guilty or not guilty?

36. Do you feel that even if you find that the evidence established the defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

37. Do you feel that even if you find that the evidence does not establish the defendant's guilt beyond a reasonable doubt, you might not be able to render a not guilty verdict for reasons

unrelated to the law and the evidence?

38. Do you have any reservations about discussing your opinions with other people?

39. Do you have any reservations about sitting in judgment of others?

40. Under your oath as a juror, you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the law as I will charge you.  Are you unable to accept my instruction that you are not to be swayed by sympathy of any kind?

41. Do you have any religious, philosophical, or other beliefs that would make you unable to render a verdict for reasons unrelated to the law and the evidence?

42. Do you have any biases or prejudices that would affect your ability to serve as a fair and impartial juror in this case?

43. Are you unable to accept the proposition that any bias, prejudice, or preconceived notion of any kind that you may have about any group of people, whether based on their race, ethnicity, national origin, age, gender, sexual orientation, or other characteristic, may not factor into your deliberations or verdict in this case?

44. I may instruct you to absolutely avoid reading, watching, or listening to media reports concerning this case, including cover of the case in social media like Facebook, Twitter, and blogs, until the case is over.  Will you be unable to follow that instruction?

45. Do you have any medical problems, particularly eyesight or hearing difficulties, which could affect your perception of the proceedings?

46. Are you taking any medication, or do you suffer from any medical condition, that would prevent you from sitting for prolonged periods or giving your full attention to all of the evidence?

47. Do you have any difficulty reading or understanding English?

48. The fundamental issue here is whether there is anything in your personal history or life

experience that would prevent you from acting as a fair and impartial juror here.  But only you know whether there is some other matter that I did not mention that I should have asked about. Is there anything that would affect your ability to render a fair and impartial verdict in this case or otherwise anything else you feel the parties should know about you?

**Part 2: Individual Juror Questionnaire**

1.  What is your city, town, or village of residence?

2.  How long have you lived at that residence?

    a.  If less than ten years, where did you live before that?

3.  How far did you go in school?

    a.  What have been your areas of study?

    b.  What, if any, degrees have you received?

4.  What is your occupation?

    a.  Who is your employer and where do you work?

    b.  How long have you had that job?

    c.  What previous jobs have you had in the past five years?

    d.  If you are retired, what position did you hold before retirement?

5.  Do you currently or have you ever served in the military?

6.  Are you married?

    a.  If you are married, what is your spouse's educational background and current employer?

7.  Are there other adults in your household?

    a.  If so, what do they do?

    b.  If they are retired, what did they do before retirement?

8.  Do you have children?

    a.  If so, how old are they?

    b.  If they are adults, what do they do?

9.  Are you a member of any organizations?

    a.  If so, which ones?

10. What publications—such as newspapers, magazines, or online news websites—do you regularly read?

11. What types of books do you enjoy reading?

12. What radio stations, podcasts, and television programs do you regularly tune in to?

13. What social media platforms do you regularly use?

14. What do you like to do in your spare time?

15. Have you previously served on the jury, whether in a civil or criminal trial, or as a grand juror?

    a. If so, how many times have you served as a juror and what was the nature of your jury service?

    b. For each time you have served as a juror on a trial:

        i. Was the case a criminal or civil?

        ii. Did the jury reach a verdict?  (Please do not tell me what the verdict was.)

*United States v. Edson Brown*

**25 Cr. 241 (JPC)**

**Exhibit A**

**People**

1.

**Locations**

1.  East 160th Street and Union Avenue in the Bronx, New York
2.  Kernersville, North Carolina
3.  Winston-Salem, North Carolina
4.  West Columbia, South Carolina
5.  Batesburg, South Carolina
6.  Newberry, South Carolina
7.  Columbia, South Carolina
8.  Academy Sports + Outdoors on Fashion Drive in Columbia, South Carolina
9.  Capitol Gold and Gun on West Church Street in Batesburg, South Carolina
10. Long's Pawn and Jewelry on Germanton Road in Winston-Salem, North Carolina
11. Palmetto Gold and Pawn, Inc., on Broad River Road in Columbia, South Carolina
12. Shooters Choice on Sunset Boulevard in West Columbia, South Carolina
13. Village Pawn, LLC, on Wilson Road in Newberry, South Carolina
14. West Mountain Pawn, LLC, on West Mountain Street in Kernersville, North Carolina